IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ROSENBLUM,

    Plaintiff,                      No. CIV S-06-0764 GEB DAD P

    vs.

MULE CREEK STATE PRISON/
MEDICAL OFFICIALS, et al.,

    Defendants.                ORDER

/

        Plaintiff has requested a second extension of time to file an amended complaint pursuant to the court's December 1, 2006 order.

        Plaintiff states that his amended complaint will contain "reference to some 75 exhibits that plaintiff will be making **argument** from," that he is "drafting his **arguments** . . . in as succinct yet detailed and convicing [sic] fashion as possible," that it is "immeasurably important that the plaintiff make proper **argument** in this matter in order to convince the court of the constitutional violation at hand," that his amended complaint will contain "sophisticated **matters of law**," and that he needs more time to "research **the legal portion** of this complaint." (Pl.'s Application for Extension of Time filed Jan. 23, 2007, at 1-3 (emphasis added.)

        Plaintiff's complaint was dismissed because he is attempting to sue every member of every medical department at four institutions for every aspect of his medical care during a

1

1 four-year period. The complaint was filled with speculation, conclusory allegations, and
2 argument. Plaintiff failed to allege facts demonstrating that any defendant was deliberately
3 indifferent to his serious medical needs, and his exhibits contradicted his conclusory claims.

4       Plaintiff was advised of the legal standard applicable to claims of constitutionally
5 inadequate medical care. He was informed that his complaint must link each properly named
6 defendant to specific violations of the right to constitutionally adequate medical care. Plaintiff
7 was advised that his amended complaint must give each defendant fair notice of the claims
8 against him or her and must allege facts that show how each defendant violated his rights. He
9 was advised that legal argument is not required.

10      It is not argument that will convince the court that constitutional violations
11 occurred. Plaintiff must allege facts demonstrating that each defendant acted, or failed to act, at
12 specific times in specific ways that violated his Eighth Amendment right to adequate medical
13 care. Plaintiff is cautioned that the Federal Rules of Civil Procedure require that a pleading be
14 short and plain. Fed. R. Civ. P. 8. The filing of a pleading that is voluminous and conclusory
15 will result in a recommendation that this action be dismissed for failure to state claims upon
16 which relief can be granted and for failure to comply with court orders and applicable rules.

17      IT IS ORDERED that:

18      1. Plaintiff's January 23, 2007 application for a second extension of time to file
19 an amended complaint is granted; and

20      2. Plaintiff's amended complaint shall be placed in the mail on or before March
21 1, 2007. No further extension of time will be granted for this purpose.

22 DATED: January 29, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
rose0764.36sec

2