IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ROSENBLUM,

       Plaintiff,                        No. CIV S-06-0764 GEB DAD P

    vs.

MULE CREEK STATE PRISON
MEDICAL OFFICIALS, et al.,

       Defendants.               ORDER

/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action.

       On July 3, 2008, the court ordered the United States Marshal to serve plaintiff's amended complaint on seven defendants. Service has been effected on five defendants. However, the U.S. Marshal was unable to effect service on defendants Nale and Akanna. Specifically, the Marshal informed the court that defendant Nale was not employed by Mule Creek State Prison and that he was not listed in the California Department of Corrections and Rehabilitation ("CDCR") locator database. Similarly, the Marshal informed the court that defendant Akanna could not be found at the address provided by plaintiff on form USM-285 and that he too was not listed in the CDCR locator database.

/////

1

On August 5, 2008, the court issued an order advising plaintiff that if he wished to proceed with his claims against defendant Nale, he would be required to provide additional information to the court that would enable the United States Marshal to serve this defendant. The court instructed plaintiff to promptly seek such information through any means available to him and cautioned plaintiff that when service of a complaint is not made upon a defendant within 120 days after the complaint was filed, the court may be required to dismiss the plaintiff's claims against that defendant. See Fed. R. Civ. P. 4(m). The court also ordered plaintiff to submit within thirty days the documents necessary to effect service on defendant Nale. On September 4, 2008, the court issued a similar order regarding defendant Akanna.

Plaintiff has submitted the necessary documents to effect service on defendant Nale. However, plaintiff has not submitted to the court any additional information that would allow the United States Marshal to serve defendant Nale. Specifically, plaintiff states on his summons and USM-285 form that he does not know defendant Nale's address and only knows that his last place of employment was Mule Creek State Prison. In addition, plaintiff has mistakenly submitted the necessary documents to effect service on defendant Nale twice. He has not, however, submitted any of the necessary documents to effect service on defendant Akanna.

In the interests of justice, the court will grant plaintiff a final thirty days to provide additional information to the court that would enable the United States Marshal to serve defendants Nale and Akanna. If plaintiff is unable to provide the court with the additional information, the court will recommend that these defendants be dismissed from this action. See Fed. R. Civ. P. 4(m). In the alternative, plaintiff may file a request to voluntarily dismiss defendants Nale and Akanna from this action. See Fed. R. Civ. P. 41(a).

Also pending before the court are plaintiff's requests for a court-appointed investigator to assist him in locating defendants Nale and Akanna. Plaintiff is advised that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not

authorize the expenditure of public funds for a court-appointed investigator. See 28 U.S.C. § 1915.

Plaintiff has also filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff one summons, two USM-285 forms, an instruction sheet, and a copy of the amended complaint filed March 1, 2007;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. Two completed USM-285 forms for defendants Nale and Akanna; and

    d. Three copies of the amended complaint filed March 1, 2007.

/////

1 | Failure to do so will result in a recommendation that defendants Nale and Akanna be dismissed from this action. In the alternative, plaintiff may file a request to voluntarily dismiss defendants Nale and Akanna from this action;

3. Plaintiff's September 5, 2008 and October 14, 2008 requests for a court-appointed investigator (Docs. No. 39 & 47) are denied; and

4. Plaintiff's October 9, 2008 motion for appointment of counsel (Doc. No. 44) is denied.

DATED: March 19, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rose0764.8emod

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ROSENBLUM,

    Plaintiff,

vs.

MULE CREEK STATE PRISON MEDICAL OFFICIALS, et al.,

    Defendants.

No. CIV S-06-0764 GEB DAD P

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_ <u>one</u> completed summons form;

    \_\_\_\_ <u>two</u> completed USM-285 forms; and

    \_\_\_\_ <u>three</u> true and exact copies of the amended complaint filed March 1, 2007.

DATED: _____.

                                                     Plaintiff