1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PHILLIP ROSENBLUM,

11              Plaintiff,                    No. CIV S-06-0764 GEB DAD P

12        vs.

13   MULE CREEK STATE PRISON
     MEDICAL OFFICIALS, et al.,               ORDER AND
14
                Defendants.                   FINDINGS AND RECOMMENDATIONS
15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On November 3, 2008, defendants moved to dismiss this

18   action, arguing that plaintiff failed to exhaust available administrative remedies prior to bringing

19   suit.  Plaintiff has filed an opposition, and defendants have filed a reply.

20                                    **BACKGROUND**

21              Plaintiff is proceeding on an amended complaint against defendants Akintola,

22   Galloway, Milliman, Pham, and Williams.  Therein, plaintiff alleges that he suffers from a

23   circulatory disorder that started while he was incarcerated at the California State Prison at Wasco

24   sometime in 2004.  Plaintiff also alleges that beginning sometime in 2002 he began to suffer

25   from a neurological disorder called tardive dyskinesia caused by prescribed psychiatric

26   medication.  Plaintiff alleges that he experiences various symptoms as a result of these disorders,

                                             1

1  including muscle spasms, twitching, numbness, high blood pressure, protruding veins, and heart

2  palpitations.  Plaintiff claims that the defendants have denied him adequate medical care in

3  violation of the Eighth Amendment and requests monetary damages.  (Am. Compl. at 5 &

4  Attach. 1-39.)

5                         **DEFENDANTS' MOTION TO DISMISS**

6  I.  <u>Defendants' Motion</u>

7                 Counsel for defendants argues that the court should dismiss this action because

8  plaintiff failed to exhaust administrative remedies prior to filing this suit.  Counsel argues that

9  plaintiff filed only a single inmate appeal prior to filing this action, designated as WSP-04-

10  00917, in which he requested additional diagnosis of and treatment for tardive dyskinesia.

11  According to defense counsel, however, plaintiff did not allege in his appeal that the defendants

12  provided him with inadequate medical care or that they were deliberately indifferent to his

13  medical needs as he does in his civil rights complaint in this action.  (Defs.' Mot. to Dismiss at 2-

14  6, Escalante Decl., Wilson Decl. & Grannis Decl.)

15                 Defense counsel also argues that plaintiff did not pursue WSP-04-00917 beyond

16  the second level of review.  Defendants acknowledge that plaintiff attempted to file the appeal at

17  the director's level of review, but the director's level of review screened out the appeal because

18  plaintiff failed to include supporting documents.  Plaintiff never re-submitted the appeal with the

19  requested documents.  Accordingly, counsel for defendants concludes that plaintiff failed to

20  properly exhaust his administrative remedies.  (Defs.' Mot. to Dismiss at 6 & Grannis Decl.)

21  II.  <u>Plaintiff's Opposition</u>

22                 In opposition to defendants' motion to dismiss, plaintiff argues that he has

23  exhausted his administrative remedies.  Specifically, plaintiff argues that he pursued his

24  grievance, WSP-04-00917, through the first two levels of review to the director's level of review

25  but that the latter screened out his appeal as incomplete and missing supporting documents.

26  Plaintiff acknowledges that he did not re-submit the appeal with the requested documents, but

1    argues that he was only required to make a reasonable attempt to exhaust his claims.  Plaintiff

2    also argues that the director's level decision to screen out his appeal was improper because the

3    missing documents were unnecessary to a final determination of his appeal.  In this regard,

4    plaintiff contends that the director's level of review requested a copy of his Reception Center

5    Medical Chrono, but that chrono does not mention anything about his medical complaints and

6    could not have contributed to consideration of the merits of his appeal.  Similarly, plaintiff

7    asserts that the director's level of review requested a Mental Health Placement Form that does

8    not mention anything about his medical complaints and was therefore irrelevant.  Moreover,

9    plaintiff contends that prison regulations do not require him to file the additional documents the

10    director's level requested.  Finally, plaintiff argues that he would not have been able to timely re-

11    submit his inmate appeal to the director's level of review within the required 15 days in any

12    event because prison policy allows medical staff up to 60 days to respond to an inmate's request

13    for copies of his medical file.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-7 & Ex. B.)

14         Plaintiff also argues that his grievance, WSP-04-00917, included sufficient detail

15    to alert prison officials to the nature of the wrong for which he sought redress.  Plaintiff argues

16    that his grievance included a description of the symptoms he was experiencing and explained that

17    he was not receiving adequate medical treatment.  In addition, plaintiff contends that as he

18    pursued the appeal he included further details about the inadequacy of his medical care and

19    named medical officials, including defendant Pham, who were not providing him with adequate

20    medical care.  Plaintiff concludes that he included sufficient information in the appeal for prison

21    officials to take responsive action.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 8-12 & 16.)[1]

22    /////

23

24         [1]  Plaintiff also argues that he submitted numerous other inmate appeals and letters to
      prison officials regarding his inadequate medical care that should constitute exhaustion of
25    administrative remedies even though prison officials often "negligently" screened out his appeals
      or failed to respond to his correspondence.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 12-22 &
26    Exs. E-H.)

III.  Defendants' Reply

In reply, defendants argue that a prisoner is required to submit supporting documents to clarify the issues presented in an inmate appeal.  In addition, defendants argue that plaintiff's belief that the documents the director's level of review requested were irrelevant does not excuse him from pursuing his grievance, WSP-04-00917, through the director's level of review.  In this regard, counsel contends that plaintiff had administrative remedies available to him, but he simply chose not to pursue them.  (Defs.' Reply at 2-3.)

Defendants also argue that plaintiff's grievance did not place any defendant on notice of his constitutional claims.  In this regard, they contend that plaintiff did not name any defendants in his appeal, and although he asked for additional tests and examinations from the California Department of Corrections and Rehabilitation, he did not claim that any medical staff was deliberately indifferent to his serious medical needs until after the informal level of review. (Defs.' Reply at 3.)

Finally, defense counsel argues that plaintiff did not properly exhaust any of his other screened out grievances prior to filing this action.  Counsel also argues that plaintiff's correspondence with the warden of his institution cannot serve to satisfy the exhaustion requirement.  (Defs.' Reply at 3-5.)

**ANALYSIS**

I.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

4

1    The United States Supreme Court has ruled that exhaustion of prison

2 administrative procedures is mandated regardless of the relief offered through such procedures.

3 Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against

4 reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.

5 Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

6 exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

7 grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

8    In California, prisoners may appeal "any departmental decision, action, condition,

9 or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

10 Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal

11 levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also

12 referred to as the director's level, is not appealable and will conclude a prisoner's administrative

13 remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is

14 required to submit an inmate appeal at the appropriate level and proceed to the highest level of

15 review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);

16 Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

17    The PLRA exhaustion requirement is not jurisdictional but rather creates an

18 affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See

19 Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or

20 demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

21 Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion.

22 Wyatt , 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial

23 remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f]

24 the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss

25 for failure to exhaust–a procedure closely analogous to summary judgment–then the court must

26 /////

1   assure that [the prisoner] has fair notice of his opportunity to develop a record."[2]  Id. at 1120

2   n.14.  When the district court concludes that the prisoner has not exhausted administrative

3   remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at

4   1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005), cert. denied 549 U.S. 1204

5   (2007).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds

6   with the good and leaves the bad."  Jones, 549 U.S. at 221.

7   II.  Discussion

8               A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

9   action.  See Wyatt, 315 F.3d at 1120.  In this case, plaintiff acknowledges that although he

10  submitted his grievance WSP-04-00917 to the director's level of review, the director's level

11  screened out the appeal as incomplete because plaintiff failed to include supporting documents,

12  specifically, his Reception Center Medical Chrono and his Mental Health Placement Form.

13  Plaintiff also acknowledges that he never re-submitted WSP-04-00917 to the director's level of

14  review with the requested documents.  (Am. Compl. at 30 & Pl.'s Opp'n to Defs.' Mot. to

15  Dismiss at 1-2.)  In this regard, plaintiff does not claim that prison officials hindered his efforts

16  to re-submit the appeal or prevented him from satisfying the exhaustion requirement by not

17  following grievance procedures.  See Ngo v. Woodford, 539 F.3d 1108, 1111 (9th Cir. 2008).

18  Nor does plaintiff claim that prison officials reliably informed him that administrative remedies

19  were no longer available to him.  See Marella v. Terhune 562 F.3d 983 (9th Cir. 2009); Brown v.

20  Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  Rather, plaintiff concedes that he did not pursue

21  WSP-04-00917 through the director's level of review and thereby failed to exhaust available

22  administrative remedies, a prerequisite to filing this action.

23               Plaintiff's stated reasons for failing to exhaust available administrative remedies

24  are unpersuasive.  First, it is well established that the PLRA requires proper exhaustion.  As

25  ─────────────────

26      [2]  Plaintiff was notified of the requirements for opposing a motion to dismiss brought
    pursuant to non-enumerated Rule 12(b) on July 3, 2008.  (Order filed July 3, 2008 at 3-4.)

1  noted above, a prisoner does not satisfy the exhaustion requirement by filing an untimely or

2  otherwise procedurally defective appeal.  See Woodford, 548 U.S. at 83-84.  See also Preston v.

3  Hand, No. C 06-5175 RMW (PR), 2009 WL 764740 at *1-2 (N.D. Cal. Mar. 18, 2009) (prisoner

4  failed to exhaust administrative remedies when he failed to properly re-submit his inmate appeal

5  after prison officials screened out the appeal for failure to provide supporting documents of his

6  claims); McCloud v. Woodford, No. CIV 06-4845 PA(JC), 2008 WL 4602548 at *5 (C.D. Cal.

7  Oct. 14, 2008) (same); Chatman v. Johnson, No. CV S-06-0578 MCE EFB P, 2007 WL 2023544

8  at *6 (E.D. Cal. July 11, 2007) (same).

9          Second, although plaintiff may have believed that his Reception Center Medical

10  Chrono and Mental Health Placement Form were not necessary in order to decide the merits of

11  his appeal, his mere disagreement with prison officials about what supporting documents were

12  relevant to his grievance does not excuse his failure to exhaust available administrative remedies.

13  Under California regulations, an appeal may be rejected if it is "incomplete or necessary

14  supporting documents are not attached" so long as the rejection provides "clear instructions

15  regarding further action the inmate must take to qualify the appeal for processing."  Cal. Code

16  Regs. tit. 15, §§ 3084.3(c)(5) & (d).  Here, plaintiff was advised that the director's level of

17  review rejected his appeal.  (Am. Compl. Ex. PP-9.)  He was also specifically informed why his

18  appeal was rejected and was told how to re-submit a proper appeal when the Inmate Appeals

19  Branch Chief advised him in writing as follows:

20              Your appeal is incomplete.  You must include supporting
            documentation.  Your appeal is missing the CDC 128-C1,
21          Reception Center Medical Chrono; Mental Health Placement
            Form.
22

23  (Id.)  In this case, plaintiff simply chose not to follow those directions and failed to pursue his

24  grievance further.

25          Third, prison policy may in fact allow medical staff up to 60 days to respond to an

26  inmate's request for copies of his medical file, which may have ultimately prevented plaintiff

1   from timely re-submitting his appeal to the director's level of review.  However, the court cannot

2   read a futility exception into the exhaustion requirement.  Booth, 532 U.S. at 741 n.6.  Moreover,

3   plaintiff never attempted to obtain a copy of his Reception Center Medical Chrono or Mental

4   Health Placement Form in order to re-submit WSP-04-00917 to the director's level of review.

5   Had plaintiff done so, he may have been able to timely submit his appeal, or he may well have

6   qualified for an exception to the timely filing requirement.  As the Ninth Circuit Court of

7   Appeals has recently explained:

> The California Code of Regulations provides that an inmate must submit an appeal within fifteen working days of the event or decision being appealed, but the appeals coordinator is only permitted to reject an appeal if "[t]he time limits for submitting the appeal are exceeded *and* the appellant had the opportunity to file within the prescribed time constraints."  The California Department of Corrections and Rehabilitation Operating Manual directs the appeals coordinator to "ensure that the inmate or parolee had, in fact, the opportunity to file in a timely manner."  Thus, the prison's regulations explicitly create an exception to the timely filing requirement.  If Marella was unable to file within the fifteen-day filing period, his failure to file timely does not defeat his claim.

15   Marella, 562 F.3d at 985.  In Marella, the Ninth Circuit remanded the case so that the district

16   court could determine whether the plaintiff had the opportunity to file his appeal within the

17   fifteen day time limit.  In contrast, here, the court cannot determine whether plaintiff would have

18   had the opportunity to re-submit his appeal within the prescribed time limits or whether prison

19   officials would have found his re-submission to qualify for an exception because he obtained the

20   requested documentation as soon as possible.  As noted above, plaintiff never attempted to

21   pursue his grievance after the director's level screened out his appeal.  Under these

22   circumstances, the court cannot say that the exception to the timely filing requirement applies.

23         Finally, for the same reasons discussed above, neither plaintiff's other appeals that

24   were "screened out" nor his correspondence to prison officials can serve as a basis for finding

25   proper exhaustion of administrative remedies prior to filing suit.  The California Department of

26   Corrections and Rehabilitation has established an administrative grievance system through which

1  a prisoner may achieve proper exhaustion.  Exhaustion serves two primary purposes.  <u>Woodford</u>,

2  548 U.S. at 89.  First, exhaustion protects administrative agency authority by allowing an agency

3  the opportunity to correct its own mistakes.  <u>Id.</u>  Second, exhaustion promotes efficiency and may

4  produce a useful record for a subsequent court case.  <u>Id.</u>  To allow plaintiff to select which levels

5  of the administrative grievance system to skip and which to appeal to, or to allow plaintiff to

6  bypass the grievance system altogether by merely writing letters of complaints to the warden,

7  would thwart the prescribed grievance process and defeat the purposes of exhaustion.

8        The undersigned shares the concerns expressed by Circuit Judge Pregerson in his

9  concurring opinion in <u>Ngo v. Woodford</u>, 539 F.3d at 1111-12.  In particular, his observations

10  regarding the significant incentive on the part of prison officials to find claims procedurally

11  barred is born out by the undersigned's experience in considering an onslaught of motions to

12  dismiss prisoner civil rights complaints for failure to exhaust administrative remedies.  There

13  would appear to be little doubt that appeals coordinators in California prisons of late are

14  "screening out" prisoner grievances on procedural grounds in record number.  However, in this

15  case plaintiff simply chose not to follow the directions he was given as to how to properly

16  exhaust claim and failed to pursue his grievance any further.  By filing a lawsuit without properly

17  completing the administrative grievance process, plaintiff failed to exhaust his available

18  administrative remedies, a prerequisite to filing this action.  <u>Woodford</u>, 548 U.S. at 90-91.

19        If a court concludes, as it does here, that a prisoner has not exhausted

20  administrative remedies, "the proper remedy is dismissal of the claim without prejudice."  <u>Wyatt</u>,

21  315 F.3d at 1120.  As noted above, plaintiff's concession to nonexhaustion is a valid ground for

22  dismissal of an action.  <u>Wyatt</u>, 315 F.3d at 1120.  In addition, defendants have raised and carried

23  their burden of proving the affirmative defense of failure to exhaust administrative remedies.  <u>See</u>

24  /////

25  /////

26  /////

1   Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19.  Accordingly, defendants' motion to dismiss

2   for failure to exhaust administrative remedies prior to filing suit should be granted.[3]

3                                    **OTHER MATTERS**

4               On May 14, 2008, the court screened plaintiff's amended complaint and

5   determined that it appeared to state cognizable claims against seven defendants – the five

6   defendants who brought the pending motion to dismiss and defendants Nale and Akanna.  Due to

7   service problems, defendants Nale and Akanna have not yet appeared in this action.  On March

8   20, 2009, the court granted plaintiff thirty days to provide the court with additional information

9   that would enable the United States Marshal to serve defendants Nale and Akanna.  On April 30,

10  2009, the court granted plaintiff an additional thirty days.

11              Plaintiff has since filed a request to voluntarily dismiss defendant Nale.  Plaintiff

12  has also filed the documents necessary to allow the United States Marshal to attempt re-service

13  on defendant Akanna.  Good cause appearing, the court will grant plaintiff's request to

14

15      [3] Having reached this conclusion, the undersigned need not address defendants' argument
    that petitioner's grievance was insufficient to put them on notice of the claims he has attempted
16  to present in this action.  However, the court notes that according to 15 Cal. Code Regs. §
    3084.2, a prisoner must use the CDC Form 602 "to describe the problem and action requested."
17  15 Cal. Code Regs. § 3084.2(a).  The regulation provides no guidelines regarding the level of
    specificity required when describing the problem.  The Ninth Circuit recently addressed "the
18  standard of factual specificity required when a prison's grievance procedures do not specify the
    requisite level of detail."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  The court
19  concluded that "[a] grievance also need not contain every fact necessary to prove each element of
    an eventual legal claim.  The primary purpose of a grievance is to alert the prison to a problem
20  and facilitate its resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120.  See
    also Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) (holding that "a grievance suffices if it
21  alerts the prison to the nature of the wrong for which redress is sought.").  Moreover the U.S.
    Supreme Court has rejected a "name-all-defendants" rule, holding that "exhaustion is not per se
22  inadequate simply because an individual later sued was not named in the grievances."  Jones v.
    Bock, 549 U.S. 199, 219 (2007) (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)
23  ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem,
    not to provide personal notice to a particular official that he may be sued; the grievance process
24  is not a summons and complaint that initiates adversarial litigation.")).  See also Gomez v.
    Winslow, 177 F. Supp. 2d 977, 978-82 (N.D. Cal. 2001) (rejecting the argument that the plaintiff
25  had failed to exhaust his three distinct claims of inadequate medical care and finding that all
    three claims were simply aspects of the inadequate medical treatment plaintiff had notified
26  corrections officials about in his administrative appeals).

                                            10

voluntarily dismiss defendant Nale.  However, the court will not order the United States Marshal to attempt re-service on defendant Akanna.  As discussed above, the undersigned is recommending that this action be dismissed due to plaintiff's failure to exhaust administrative remedies prior to bringing suit.  Although failure to exhaust is an affirmative defense brought by a defendant, the court reached its conclusion in this case based on plaintiff's concession that he failed to exhaust his administrative remedies prior to filing suit.  Plaintiff's concession in this regard applies equally to his claims against defendant Akanna.  Accordingly, the court will recommend that defendant Akanna be dismissed from this action as well.

**CONCLUSION**

IT IS HEREBY ORDERED that plaintiff's May 6, 2009 request to voluntarily dismiss defendant Nale (Doc. No. 67) is granted.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' November 3, 2008 motion to dismiss (Doc. No. 50) be granted;

2.  Defendant Akanna be dismissed; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

/////

/////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 5, 2009.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    rose0764.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26